## BUCKINGHAM vs. WATERS.

*Twelfth District Court for San Francisco Co., Nov. T.,* 1857.

### DEMURRER—GOOD WILL—COVENANT.

The good will of a particular person or firm, with respect to their patronage to any particular business, is not, it seems, the subject of sale.

Where one sells the *good will* in the matter of drayage of a firm to another, "to have and to hold, &c.," these words do not amount to 'a contract on the part of the vendor, that he will never afterwards do drayage for that firm.

On demurrer.   The material facts are reported in the opinion.

*C. Burbank,* for plaintiff.

*J. T. Treadwell,* for defendant.

NORTON, J.—This case comes up on demurrer to the amended complaint.   In the original complaint plaintiff alleged that in November, A. D. 1854, defendant sold plaintiff three horses, three drays, three sets of harness, and the "good will of the house of *Messrs. Loud & Hosmer,*" in the business of drayage for the said house, as at the time of the sale, by them extended to defendant, and agreed that he would recommend plaintiff to said house to enable him to obtain and secure the business of drayage of said house.   At the end of the bill of sale is appended the ordinary *habendum* commonly annexed to deeds of land.   This provision, plaintiff goes on to aver, meaning that he (defendant) "would refrain from doing the business of said house forever" is the matter of drayage.   The plaintiff then charges that regardless of this agreement, defendant has managed to get back the business of said mercantile house, to the damage of plaintiff, &c.

A demurrer was interposed to this complaint on account of certain technical defects, and sustained with leave to amend, which was done, and a demurrer is now filed to the amended complaint.   There being no matter of form demurred to, the merits of the case are presented by the points raised by defendant.   The principal of these is that the alleged intendment of the instrument as averred in the complaint, is not its legal intendment; that is, defendant contends that the *habendum*

is not a covenant that defendant shall never again enter into the business of drayage for the house of *Loud & Hosmer*. I think that in this, defendant is right. The *habendum* in a deed of land does not mean that the grantor shall never thereafter become the possessor of the land. By analogy it would seem that the same construction, as far as is consistent with the nature of the case, should be applied to those words in their present connection ; if we do so construe them, then there has been no breach of contract committed by defendant and plaintiff cannot maintain this action.

But, as I expressed in my opinion sustaining the demurrer to the original complaint, I do not think that the good will of certain specified persons is the subject of sale. None of the cases which have been cited by plaintiff's counsel in this regard, present the precise point here raised. They are generally cases where some establishment or place of business, as an inn or newspaper, has been sold, together with the good will of the public, that is, the patronage which, under the control and management of the vendor has been by the public extended to the concern. Sales of good will of this character have been often recognized, and the law respecting them is well settled, but no case has been adduced which possesses the particular and peculiar character of that at bar. It is not the good will or general partronage of the public which the bill of sale purported to convey to plaintiff, but it is the good will of certain determinate persons, the members of a mercantile firm.

There is a third point of minor consequence which also presents itself from the language of the bill of sale, by which defendant transfers the good will of *Messrs. Loud & Hosmer* as *then*, (at the time of the sale,) extended to defendant. Perhaps, strictly speaking, even if we give the bill of sale the widest construction, and hold that defendant could sell the good will of *Loud & Hosmer*, it might be doubted whether, strictly speaking, the good will which defendant afterwards obtained, was that which he sold. But this question is immaterial, for either of the other grounds are sufficient for the purpose of sustaining the demurrer.